# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | 8:08CR39 |
| ) | |
| vs. ) | ORDER |
| ) | |
| DENISE A. CERNY, ) | |
| ) | |
| Defendant. ) | |

This matter is before the court on the government's motion for a psychological examination of defendant Denise A. Cerny (Cerny) (Filing No. 26). Due to Cerny's notice pursuant to Fed. R. Crim. P. Rule 12.2(b) (Filing No. 23), the government seeks a mental examination pursuant to Fed. R. Crim. P. 12.2(c)(1)(B). Cerny filed a response acknowledging the government's right to have a mental examination but opposing Cerny's commitment to a federal medical facility as being unnecessary where Cerny is at liberty on release conditions and where Cerny can be examined by local mental health professionals (Filing No. 27).

The undersigned magistrate judge held a telephone conference with counsel on September 16, 2008, wherein the parties were informed the court would order the mental examination of Cerny but require the examination be conducted locally. Government's counsel was given time to advise the court and opposing counsel of a local mental health specialist selected by the government. On September 23, 2008, government's counsel advised the court and Cerny's counsel the government had selected Dr. Terry A. Davis to conduct the psychological examination.

**IT IS ORDERED:**

1. The government's motion for a psychological examination (Filing No. 26) is granted to the extent set forth herein.

2. Defendant, Denise A. Cerny, shall submit to a psychological examination by Dr. Terry A. Davis pursuant to Fed. R. Crim. P. 12(c)(2). Such examination shall be conducted in the District of Nebraska and the report provided to government's counsel **on**

**or before October 28, 2008.**  The report of such examination shall be disclosed in accordance with the Federal Rules of Criminal Procedure.  The costs of the examination and report shall be borne by the government.

      3.      The ends of justice have been served by granting such motion and outweigh the interests of the public and the defendant in a speedy trial.  The additional **time** arising as a result of the granting of the motion, i.e., the time between **September 24, 2008 and October 28, 2008,** shall be deemed **excludable** time in any computation of time under the requirement of the Speedy Trial Act for the reason that time is required for the psychological examination of the defendant.  The failure to grant additional time might result in a miscarriage of justice.  18 U.S.C. § 3161(h)(1)(A).

      DATED this 24th day of September, 2008.

                                               BY THE COURT:

                                               s/Thomas D. Thalken
                                              United States Magistrate Judge